# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

JOHN W. LAMBERT,

        Plaintiff,

v.

SNOHOMISH COUNTY CORRECTIONS,

        Defendant.

Case No. C17-1792-RAJ-JPD

ORDER DECLINING TO SERVE COMPLAINT AND GRANTING PLAINTIFF LEAVE TO AMEND

    Plaintiff John Lambert is currently confined at the Snohomish County Jail in Everett, Washington. He has submitted to the Court for filing a civil rights complaint under 42 U.S.C. § 1983. The Court, having reviewed plaintiff's complaint, hereby finds and ORDERS as follows:

    (1)    Plaintiff alleges in his civil rights complaint that the lights in his cell at the Snohomish County Jail are kept on at all times causing him migraine headaches, vision problems, and lack of sleep. Plaintiff further alleges that he has been denied treatment for the medical and mental health problems caused by the lights. Plaintiff identifies Snohomish County

Jail as the lone defendant in this action[1], and he seeks damages for the alleged harm being caused to his medical and mental health.

(2) Rule 8(a) of the Federal Rules of Civil Procedure provides that in order for a pleading to state a claim for relief it must contain a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for the relief sought. The statement of the claim must be sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The factual allegations of a complaint must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In addition, a complaint must allege facts to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show (1) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) that the violation was proximately caused by a person acting under color of state or federal law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

---

[1] Plaintiff appears to use the terms "Snohomish County Corrections" and "Snohomish County Jail" interchangeably in his submissions. (*See* Dkt. 3 at 1; Dkt. 3-2 at 1-2.) Because plaintiff identifies the "Snohomish County Jail" as the defendant in Part III of his complaint (*see* Dkt. 3-2 at 2), the Court recognizes this entity as the intended defendant in this action.

ORDER DECLINING TO SERVE COMPLAINT
AND GRANTING LEAVE TO AMEND - 2

A defendant cannot be held liable solely on the basis of supervisory responsibility or position. *Monell v. Department of Social Servs., of City of New York*, 436 U.S. 658, 691-694 (1978). Rather, a plaintiff must allege that a defendant's own conduct violated the plaintiff's civil rights. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385-90 (1989). A local government unit or municipality can be sued as a "person" under § 1983. *Monell*, 436 U.S. at 691. However, a municipality cannot be held liable under § 1983 solely because it employs a tortfeasor. *Id*. A plaintiff seeking to impose liability on a municipality under § 1983 must identify a municipal "policy" or "custom" that caused his or her injury. *Bryan County Commissioners v. Brown*, 520 U.S. 397, 403 (1997) (citing *Monell* 436 U.S. at 694).

(3) The Court declines to order that plaintiff's complaint be served because he fails to identify a viable defendant in his complaint, and he fails to specifically allege the violation of a federal constitutional right. As noted above, plaintiff identifies the Snohomish County Jail as the only defendant in this action. However, the Jail is an entity of Snohomish County and, as such, is not a proper defendant in this action.[2] *See Nolan v. Snohomish County*, 59 Wn.App. 876, 883 (1990) ("in a legal action involving a county, the county itself is the only legal entity capable of suing and being sued"). Plaintiff may pursue a claim against Snohomish County itself, but in order to do so he must specifically identify the County as a defendant in this action, he must identify the County "policy" or "custom" that caused him harm, and he must identify the federal constitutional right that he believes has been violated by the identified "policy" or "custom."

---

[2] Likewise, Snohomish County Corrections is an entity of Snohomish County and, thus, would also be an improper defendant in this action.

ORDER DECLINING TO SERVE COMPLAINT
AND GRANTING LEAVE TO AMEND - 3

Plaintiff may also pursue claims against individual members of the Snohomish County Jail staff if he deems it appropriate to do so. This would require that plaintiff specifically identify the members of the Jail staff who caused him harm, the federal constitutional provision he believes was violated by the conduct of each individual staff member, and the facts which support each claimed violation.

(4) Plaintiff may file an amended complaint curing the above noted deficiencies within **thirty (30) days** of the date on which this Order is signed. The amended complaint must carry the same case number as this one. If no amended complaint is timely filed, the Court will recommend that this action be dismissed under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.

Plaintiff is advised that an amended pleading operates as a *complete* substitute for an original pleading. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.) (citing *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1990) (as amended), *cert. denied*, 506 U.S. 915 (1992). Thus, any amended complaint must clearly identify each intended defendant, the constitutional claim(s) asserted, the specific facts which plaintiff believes support each claim against each defendant, and the specific relief requested.

(5) The Clerk is directed to send plaintiff the appropriate forms so that he may file an amended complaint. The Clerk is further directed to send copies of this Order to plaintiff and to the Honorable Richard A. Jones.

DATED this 18th day of December, 2017.

JAMES P. DONOHUE
Chief United States Magistrate Judge

ORDER DECLINING TO SERVE COMPLAINT
AND GRANTING LEAVE TO AMEND - 4