UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOHN W. LAMBERT,

                Plaintiff,

v.

CHIEF ASTON, *et al.*,

                Defendants.

Case No. C17-1792-RAJ-JPD

REPORT AND RECOMMENDATION

INTRODUCTION AND SUMMARY CONCLUSION

This is a civil rights action proceeding under 42 U.S.C. § 1983. This matter is now before the Court on defendants' motion to dismiss this action pursuant to Fed. R. Civ. P. 37 and 41, and Local Civil Rule (LCR) 41, based upon plaintiff's failure to respond to discovery requests, failure to prosecute this action over the past ten months, and failure to keep the Court apprised of his address. Plaintiff has chosen not to respond to defendants' motion to dismiss. The Court, having reviewed defendants' motion, and the balance of the record, concludes that defendants' motion to dismiss should be granted and this action should be dismissed, with

REPORT AND RECOMMENDATION
PAGE - 1

prejudice, for failure of plaintiff to comply with the rules of discovery as set forth in the Federal Rules of Civil Procedure and for failure to prosecute this action.

BACKGROUND

The operative complaint in this action is plaintiff's amended complaint which was filed on December 29, 2017 while plaintiff was confined in the Snohomish County Jail. (*See* Dkt. 7.) Plaintiff alleged in his amended pleading that the lights in his jail cell were kept on at all times causing migraine headaches, vision problems, and sleeplessness. (*Id.* at 3.) Plaintiff further alleged that he had been denied treatment for the medical and mental health problems caused by the lights. (*Id.*) Plaintiff identified the following defendants in his amended complaint: Snohomish County Jail Chief Aston, Nurse Bellinger, Captain Stites, and Sergeant Ogawa. (*See id.* at 1-3.)

The Court issued an Order directing service of plaintiff's amended complaint on February 14, 2018, and defendants filed a timely answer to the pleading on April 9, 2018. (Dkts. 8, 11.) On April 25, 2018, this Court issued a Pretrial Scheduling Order setting deadlines for the completion of discovery (July 24, 2018) and for the filing of dispositive motions (August 24, 2018). (Dkt. 12.) The copy of the Pretrial Scheduling Order sent to plaintiff at his address of record, the Snohomish County Jail, was returned to the Court as undeliverable on May 2, 2018 with a notation indicating that plaintiff was no longer in custody there. (*See* Dkt. 13 at 1.)

On May 23, 2018, defendants sent discovery requests, including interrogatories, to plaintiff at the Washington Corrections Center (WCC) in Shelton, Washington. (*See* Dkt. 15-1.) Though the address on record with the Court at that time was still the Snohomish County Jail, defendants had confirmed that plaintiff was no longer confined at that facility and had

REPORT AND RECOMMENDATION
PAGE - 2

determined, through use of the Washington Department of Corrections Inmate Search tool, that plaintiff was then at WCC. (*See* Dkt. 19 at 2.) Plaintiff did not respond to defendants' discovery requests and, thus, on July 2, 2018, defendants' counsel contacted plaintiff's prison counselor at WCC who set up a telephone conference later the same day between defendants' counsel and plaintiff. (Dkt. 15, ¶ 3.) During that call, plaintiff confirmed that he had received defendants' discovery requests, but indicated he no longer had a copy of them as a result of intervening transfers between county and state facilities. (*See id.*, ¶ 4.)

Defendants' counsel sent plaintiff another copy of the discovery requests, but plaintiff again failed to respond. (*Id.*, ¶¶ 4, 5.) Defendants' counsel then attempted to set up another telephone conference with plaintiff through his WCC prison counselor, but the counselor advised counsel that plaintiff was unavailable for reasons he could not disclose. (*Id.*, ¶ 5.) Defendants' counsel thereafter filed a motion to compel discovery which the undersigned granted on August 16, 2018. (Dkts. 14, 17.) In its Order granting defendants' motion to compel, the Court directed plaintiff to respond to defendants' discovery requests by September 17, 2018, and advised him that his failure to do so could result in the imposition of sanctions up to and including dismissal of this action. (Dkt. 17 at 2.) The Order was sent to plaintiff at his address of record, the Snohomish County Jail, and not surprisingly, the Order was returned to the Court because plaintiff had been released from that facility. (Dkt. 18.) Plaintiff never responded to defendants' discovery requests, and never provided the Court with an updated address as is required by LCR 10(f).

PAGE - 3

DISCUSSION

Defendants move to dismiss this action as a sanction for plaintiff's failure to respond to discovery and his failure to prosecute this action. Pursuant to Fed. R. Civ. P. 37(d)(1)(A)(ii), a court may impose sanctions if a party fails to serve answers or objections to properly served interrogatories. Permitted sanctions for such discovery violations include dismissal of the action. *See* Fed. R. Civ. P. 37(b)(2)(A)(v) and (d)(3). District courts have substantial discretion to impose the extreme sanction of dismissal where there has been flagrant, bad faith disregard of discovery duties. *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976).

The Ninth Circuit has recognized that "[o]nly willfulness, bad faith, and fault justify terminating sanctions," and has identified a five-part test to apply in determining whether a case dispositive sanction under Fed. R. Civ. P. 37(b)(2) is appropriate. *Connecticut General Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007) (internal quotation and citation omitted). The five factors include: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Id*. (citing *Jorgensen v. Cassiday*, 320 F.3d 906, 912 (9th Cir. 2003)).[1]

Dismissal is also a permitted sanction when a plaintiff fails to prosecute his case, or fails to comply with the federal rules or a court order. Fed. R. Civ. P. 41(b). A dismissal under Rule 41(b) "must be supported by a showing of unreasonable delay." *Omstead v. Dell, Inc.*, 594 F.3d

---

[1] This Court notes that the Ninth Circuit's citation to *Jorgensen* is incorrect. The quoted language, in fact, comes from the Ninth Circuit's decision in *Valley Engineers Inc. v. Electric Engineering Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998).

REPORT AND RECOMMENDATION
PAGE - 4

1081, 1084 (9th Cir. 2010) (citing *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). In addition, a court must weigh the same five factors identified above in determining whether dismissal under Fed. R. Civ. P. 41(b) is warranted. *See id*. The Ninth Circuit has explained that this five factor test is "not mechanical," and is not a set of conditions precedent for the imposition of sanctions. *Connecticut General Life Ins. Co.*, 482 F.3d at 1096; *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006). Rather, the test provides the district court with a way to think about what to do in a given case. *See id*.

Certainly, the first two factors identified above; *i.e.*, the public's interest in expeditious resolution of litigation and the court's need to manage its docket, favor dismissal of this action as plaintiff's refusal to participate in discovery, his failure to keep the court and defendants apprised of his current address as required by the local rules and, in fact, his failure to participate in this action in any way over the past ten months precludes this action from moving forward in any constructive way. The third factor also favors dismissal as the risk of prejudice to defendants is significant if the Court permits this action to proceed in the face of plaintiff's refusal to respond to basic discovery requests. Defendants should not be required to defend this action without first being allowed to gather information relating to plaintiff's claims against them. Plaintiff has given no indication that he is willing to participate in discovery as even after conferring with defendants' counsel, and receiving an additional copy of defendants' discovery requests, plaintiff failed to provide any responses.

With respect to the fourth factor, the Court acknowledges the public policy favoring disposition on the merits, but that objective can only be achieved if plaintiff elects to cooperate

in the process, something he has not shown any inclination to do during the pendency of this action. As noted above, plaintiff has not participated in discovery nor has he kept the court and defendants apprised of his address, both of which suggest that plaintiff has effectively abandoned this action. Finally, as to the fifth factor, the availability of less drastic sanctions, the Court has considered that option, but can conceive of no lesser sanctions that are likely to influence plaintiff's behavior. Plaintiff is indigent and, thus, monetary sanctions are unlikely to have any deterrent effect. And, plaintiff has demonstrated no interest in continuing with this case as evidenced by his failure to file any response to the instant motion seeking dismissal of this action.

Because plaintiff has refused to participate in the discovery process or to keep the Court apprised of his address, and because this action cannot move forward without plaintiff's participation, dismissal of this action is warranted.

## CONCLUSION

Based on the foregoing, this Court recommends that defendants' motion to dismiss this action as a discovery sanction and for failure to prosecute be granted, and that plaintiff's amended complaint and this action be dismissed with prejudice. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit by no later than **December 4, 2018**. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motion calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no

timely objections are filed, the matter will be ready for consideration by the District Judge on **December 7, 2018.**

This Report and Recommendation is not an appealable order. Thus, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge acts on this Report and Recommendation.

DATED this 13th day of November, 2018.

*[signature: James P. Donohue]*

JAMES P. DONOHUE
United States Magistrate Judge